1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# United States District Court
## for the Central District of California
### Western Division

JEFF McGRUE )     CR-08-01318 -ODW-1
)
Petitioner, )     **ORDER DENYING DEFENDANT'S**
vs. )     **MOTION TO VACATE, OR SET ASIDE**
)     **HIS SENTENCE PURSUANT TO 28**
UNITED STATES OF AMERICA )     **USC §2255**
)
Respondent. )
)

     Before the Court is yet another failed attempt by Petitioner to have his sentence vacated pursuant to 28 U.S.C. § 2255.  On January 21, 2011 Defendant was found guilty by a jury on all eight counts of the Second Superseding Indictment charging mail and wire fraud.  On July 14, 2011 he was given a below guidelines sentence of 300 months imprisonment[311] .  On July 28, 2011 Petitioner filed a timely Notice of Appeal in Ninth Circuit case number 11-50291. [313].  The Court of Appeal found the other claims of procedural error to be without merit.  Lastly, the Circuit found the 300 month sentence to be substantively reasonable, observing that "[Petitioner] provides no convincing argument why the district court's 300-month sentence is unreasonable in light of the facts and circumstances of his case." *USA vs. Petitioner*, 567 Fed.Appx. 503, 507 (9th Cir.2014)   On July 31, 2014 the Mandate issued. [430].  Thereafter Defendant filed a petition for writ of certiorari before the

United States Supreme Court [14-7250].  On January 12, 2015 the Petition was denied.

On August 11, 2015 this Court denied Petitioner's request for an indicative ruling and declined to act further on this case given that it was then on appeal. [440] On August 25, 2015 Petitioner filed a second appeal in case number 15-50379. On May 19, 2016 the Ninth Circuit summarily affirmed this Court's August 11, 2015 Order.

I. **Petitioner Seeks Re-ajudication of Previously Rejected Arguments**

By this motion, Petitioner largely seeks review of positions he has already advanced before the Ninth Circuit that were decided adversely to him.  Specifically his challenge to his right to self representation was rejected by the appellate court which found that the colloquy required by *Faretta v. California*, 422 U.S. 807 was conducted and thereafter Petitioner indicated his wish to proceed with the assistance of counsel. (567 Fed.Appx. 503, 507).  It appears that his motivation for requesting self-representation was his dissatisfaction with his attorney for not filing four frivolous motions defendant himself had prepared.  When the court instructed defense counsel to file the motions, which the court would then consider, defendant seem satisfied and agreed that counsel could continue with his representation.  In addition, the Circuit found no error in the calculation of the intended loss, finding that it was properly based on the value of the fictitious instruments Petitioner intended to use in his scheme.  Moreover, there was no error in not giving credit for the "fair market value" of the services he allegedly provided to the victims of his fraud since those services, if any, were merely part of the fraudulent scheme. (*United States v. Sayakhom,* 186 F.3d 928, 947 (9th Cir.1999).

**A.  Petitioner Complains Of His Counsel's Stipulation to "404(b) Evidence.**

The third basis of error claimed by Petitioner is ineffective assistance of counsel.  Though it is somewhat difficult to ascertain specifically what evidence Petitioner is referencing, it is Petitioner's position that stipulating that certain

2

1     evidence was admissible under *Evidence Code* section 404(b) fell below the standard

2     of reasonable competence and counsel had ceased acting as an advocate for

3     Petitioner.  Specifically Petitioner states in his motion: "Ineffective assistance of

4     counsels (sic); and counsel's stipulations to the 404(b) evidence caused them (sic) to

5     cease functioning as Petitioner (sic)."   Petitioner does not specify precisely what

6     404(b) evidence he has in mind and a review of the transcript makes no mention of

7     404(b).

8        What Petitioner fails to appreciate is that every concession by a defense

9     attorney should not be equated with an abdication of an attorneys obligation of

10     zealous advocacy on behalf of his or her client.  Indeed, in order to be effective,

11     counsel must maintain credibility with the court.   Strategic decisions during the

12     course of a trial are left to the sound discretion of the attorney.  "No particular set

13     of detailed rules for counsel's conduct can satisfactorily take account of the variety

14     of circumstances faced by defense counsel or the range of legitimate decisions

15     regarding how best to represent a criminal defendant.  Any such set of rules would

16     interfere with the constitutionally protected independence of counsel and restrict

17     the wide latitude counsel must have in making tactical decisions. *Strickland v.*

18     *Washington*, 466 U.S. 668, 688-689,(1984).

19        "A court deciding an actual ineffectiveness claim must judge the

20     reasonableness of counsel's challenged conduct on the facts of the particular case,

21     viewed as of the time of counsel's conduct.  A convicted defendant making a claim

22     of ineffective assistance must identify the acts or omissions of counsel that are

23     alleged not to have been the result of reasonable professional judgment.  The court

24     must then determine whether , in light of all the circumstances, the identified acts

25     or omissions were outside the wide range of professionally competent assistance."

26     *Id* at 690.  In performing this assessment, the court "should recognize that counsel

27     is strongly presumed to have rendered adequate assistance and made all significant

28     decisions in the exercise of reasonable professional judgment." *Id* at 690. An attorney

who adopts untenable positions or refuses to concede incontrovertible legal propositions damages his credibility with the court and undermines his ability to be an effective advocate for his client.

Here, Petitioner has failed the first step: identifying the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment. [1] Multiple times during the course of a trial resolution of a close question may turn on the court's view of the legal competence, ethics and credibility of the attorneys. An attorney who has deliberately mislead the court or cited to the court a meritless legal proposition is likely to be disbelieved in one or more subsequent arguments. A skilled trial attorney must carefully choose his battles. The object is to win the war not each and every skirmish. In addition, because any objection to the evidence would have been overruled on 404(b) grounds, the failure to object was harmless.

**B. As a fourth ground of error Petitioner cites "multiplicitous (sic) counts and charges. Passing and mailing fictitious obligations and mail fraud have the same charging elements."**

His claims to the contrary notwithstanding, Petitioner was not charged, convicted and sentenced for essentially the same conduct multiple times. Mail

---

[1] The Court speculates that the evidence in question was that Petitioner engaged in conduct similar to the conduct for which he was charged while on pretrial release. That evidence was unquestionably admissible under 404(b) and defense counsel had no legal basis for arguing that it was not.

fraud is a distinct offense from passing fictitious government obligations.

A simple comparison of the two statute in question demonstrates that the elements of each crime are not the same. Mail fraud occurs when the U.S. Mail is used in furtherance of a criminal act.  In order for a defendant to be convicted under 18 U.S.C. §1341 for committing mail fraud, the follow elements must be satisfied:

(1)  the defendant must have been engaged in a scheme to defraud;

(2)  the scheme must have involved material misstatements or omissions;

(3)  the scheme resulted, or would have resulted upon completion, in the loss of money, property, or honest services;

(4)  the defendant must have used the U.S. Mail in furtherance of scheme to defraud; and

(5)  the defendant used or caused the use of U.S. Mail.

Passing fictitious government obligations in violation of 18 U.S.C.§ 541(a) however, requires the following elements:

(a) Whoever, with the intent to defraud—

(1)  draws, prints, processes, produces, publishes, or otherwise makes, or attempts or causes the same, within the United States;

(2)  passes, utters, presents, offers, brokers, issues, sells, or attempts or causes the same, or with like intent possesses, within the United States; or

(3)  utilizes interstate or foreign commerce, including the use of the mails or

wire, radio, or other electronic communication, to transmit, transport,  ship, move, transfer, or attempts or causes the same, to, from, or through the United States, any false or fictitious instrument, document, or other item appearing, representing, purporting, or contriving through scheme or artifice, to be an actual security or other financial instrument issued under the authority of the United States, a foreign government, a State or other political subdivision of the United States, or an organization, shall be guilty of a class B felony.

Section 514(a) requires the use of **interstate commerce**, including but not limited to the use of the U.S. Mail.  Mail fraud under section 1341 **requires** the use of the U.S. Mail in furtherance of the scheme to defraud.  Fraudulent intent is the only common element.

## II. CONCLUSION

For the foregoing reasons, the Court finds no legal justification to grant Petitioner's request to vacate or set aside his sentence.  The request is DENIED.

IT IS SO ORDERED.
DATED:    May 19,  2016.

_____

OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE